# United States District Court
### EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| TOUCHSCREEN GESTURES, LLC | § | |
| | § | |
| v. | § | Case No. 6:12-cv-261 |
| | § | |
| HTC CORPORATION AND | § | |
| HTC AMERICA, INC. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendants HTC Corporation and HTC America, Inc.'s motion to transfer venue (Doc. No. 11). Having fully considered the parties' arguments, the undisputed facts, and the applicable law, the Court **GRANTS** the motion and **ORDERS** this action be transferred to the United States District Court for the Northern District of California, San Francisco Division.

### I. BACKGROUND

This litigation involves alleged patent infringement of four patents: U.S. Patent Nos. 7,180,506; 7,184,031; 7,190,356; and 7,319,457. In general, the technology covers different aspects of computer touch screen operation and functionality, including single-tapping, double-tapping, scrolling, and drag gestures. Plaintiff Touchscreen Gestures, LLC accuses Defendants HTC Corporation and HTC America, Inc. (collectively HTC) of selling infringing mobile phones and tablet computers.

Touchscreen is a Texas limited liability company. Touchscreen does not indicate where it maintains its principal place of business or headquarters, but it acknowledges that it resides outside the Eastern District of Texas. HTC Corporation is a Taiwanese corporation with its

principal place of business in Taoyuan, Taiwan. HTC America is a Washington corporation with its principal places of business in Bellevue, Washington.

HTC now argues that Touchscreen's claims against it should be transferred to the Northern District of California pursuant to 28 U.S.C. § 1404(a). Touchscreen opposes transfer and urges that HTC cannot show that the Northern District of California is a clearly more convenient forum.

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A threshold inquiry is whether the suit "might have been brought" in the proposed transferee venue. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc) (*Volkswagen II*). Once a defendant satisfies that burden, the Court weighs certain factors to determine if transfer is warranted. *Volkswagen II*, 545 F.3d at 314 n.9; *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507–08 (1947). The moving party must show good cause by demonstrating the transferee venue is clearly more convenient. *Volkswagen II*, 545 F.3d at 314. Otherwise, a plaintiff's choice of venue must be respected because that choice places the burden on the defendant to demonstrate why venue should be transferred. *Id.* at 315 n.10.

When deciding whether to transfer an action, the Court balances the private interests of the litigants and the public's interest in the fair and efficient administration of justice. *Volkswagen II,* 545 F.3d at 315; *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008). The relevant factors are divided between these private and public interests. *Gilbert*, 330 U.S. at 508. "The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of

attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (quotation omitted). "The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.* (quotation omitted). These factors are not exhaustive, and no single factor is dispositive. *Id.*

### III.     DISCUSSION

Prior to addressing the private and public interest factors, Touchscreen argues that the Court should afford great weight and deference to its choice of forum. In light of well-established precedent, the Court does not find this to be an appropriate factor in the analysis. The Federal Circuit has clearly held "that the Fifth Circuit forbids treating the plaintiff's choice of venue as a factor in the analysis of a request to transfer for the convenience of the parties." *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1200 (Fed. Cir. 2009).

Although a plaintiff's forum choice is not an independent factor, it contributes to the defendant's burden to prove that the transferee venue is "clearly more convenient" than the transferor venue. *Volkswagen II*, 545 F.3d at 314–15; *see GeoTag, Inc. v. Starbucks Corp.*, No. 2:10-CV-572, 2013 WL 890484, at *1 (E.D. Tex. Jan. 14, 2013) (explaining that "a plaintiff's choice of venue must be respected because that choice places the burden on the defendant to demonstrate why venue should be transferred"). Instead of deferring to Touchscreen's venue selection, the Court addresses the private and public interest factors.

### A. *Proper Venue*

The Court must first address whether this suit originally could have been filed in the destination venue, here, the Northern District of California. *Volkswagen II*, 545 F.3d at 312. The movants bear the burden to establish personal jurisdiction and venue as to all defendants in the transferee forum. *See Chirife v. Saint Jude Med., Inc.*, No. 6:08-CV-480, 2009 WL 1684563, at *1 (E.D. Tex. June 16, 2009). This determination is based on the circumstances existing at the time of filing. *See Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

Here, Touchscreen challenges whether the Northern District of California would have jurisdiction over HTC. But HTC maintains significant ongoing contacts that would confer the Northern District of California with personal jurisdiction and venue in this case. HTC has a facility in San Francisco, California that primarily focuses on industrial and usability design for HTC mobile devices. In addition to HTC's San Francisco facility and personnel, HTC conducts substantial business in that region. HTC works with Google, Inc., located in Mountain View, California, in designing and developing the accused devices. Furthermore, Google provides the operating systems for the accused products. HTC additionally contracts with touchscreen integrated circuit suppliers based in the San Francisco area.

The Court finds HTC's extensive relevant contacts to the Northern District of California sufficient to confer jurisdiction and venue. *See* 28 U.S.C. § 1400(b) ("Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."). Accordingly, the Court finds the initial threshold satisfied.

B. *Private Interest Factors*

    **1. <u>The Relative Ease of Access to Sources of Proof</u>**

The first private interest factor is the relative ease of access to sources of proof. This factor weighs in favor of transfer when evidence could be more readily accessed from the proposed transferee district. Although documentary evidence is often stored electronically, the Court considers the physical location of the documents and other evidence. *In re Genentech, Inc.*, 566 F.3d 1338, 1345–46 (Fed. Cir. 2009). But documents relocated in anticipation of litigation are not considered. *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336–37 (Fed. Cir. 2009). Courts generally analyze this factor in light of the distance that documents or other evidence must be transported from their existing location to the trial venue. *See Volkswagen II*, 545 F.3d at 316.

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d at 1345 (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006)); *see In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010) (explaining that a corporate party's relevant discoverable material is generally located at its headquarters).

HTC argues that all of the relevant evidence is located closer to the Northern District of California. HTC contends that the primary sources of proof in this case are documents related to the design, manufacture, and operation of the accused devices. HTC asserts that the bulk of these documents are located in Taiwan. HTC also maintains that its domestic documents are located either in Washington or San Francisco. Documents concerning corporate finance, marketing, market analysis, and financial forecasts are located in Taiwan and Washington. According to

HTC, the documents related to hardware and usability design are located at its San Francisco facility. HTC assumes that Google, as the operating system provider for the accused devices, possesses relevant technical documents in the transferee venue. Touchscreen does not challenge that Google has relevant evidence or that Google's evidence is located in the transferee forum.

HTC further indicates that it has no documents, facilities, or equipment relevant to this suit within the Eastern District of Texas. Accordingly, HTC concludes that all sources of proof are more readily accessible from the Northern District of California.

Touchscreen primarily argues that nearly all of the documents will be produced electronically and not as physical evidence. Touchscreen states that the documents could easily be viewed from a computer anywhere with an internet connection. Thus, Touchscreen concludes that the physical location of the documents is an irrelevant consideration. Although technological advances have made document production significantly more accessible, Touchscreen misunderstands the state of the law. Under this factor, the Court must consider the physical location of the evidence. *See Genentech,* 566 F.3d at 1345–46.

Touchscreen provides no information on the location of its sources of proof. Although Touchscreen admits it is not located within the Eastern District of Texas, it provides no guidance as to where its headquarters or documents are located. The only apparent connection Touchscreen maintains in Texas is a registered agent in Dallas, Texas, which is outside this district.

As raised by HTC, the Court notes that Touchscreen formed as a Texas limited liability company just six weeks prior to filing the instant suit. The Court harbors concern this was done for purposes of venue manipulation. *See In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2011) (per curiam) (describing a plaintiff's offices within the transferor forum as "recent,

ephemeral, and a construct for litigation and appeared to exist for no other purpose than to manipulate venue"); *NovelPoint Learning LLC v. LeapFrog Enters. Inc.*, No. 6:10-cv-229, 2010 WL 5068146, at *4 (E.D. Tex. Dec. 6, 2010) ("[W]eight given to the location of [plaintiff's] documents is determined by whether [plaintiff] is an 'ephemeral' entity.").

Rather than providing the location of its documents, Touchscreen focuses its argument on HTC's failure to show that its documents are too voluminous to transport to the Eastern District of Texas. Touchscreen further argues that HTC has not shown that all of its documents are more easily accessed from the Northern District of California. For example, Touchscreen generally contends that HTC has customers located in Texas. In particular, Touchscreen asserts that HTC customer AT&T is located in Texas and likely has information relevant to damages.

HTC's documents in Taiwan, Washington, and San Francisco and Google's documents in Mountain View are all more easily accessed from the proposed transferee forum. *See In re Genentech, Inc.*, 556 F.3d at 1345 (explaining that an accused infringer generally maintains the bulk of the relevant evidence). The only sources of proof that are not more easily accessed from the Northern District of California are any relevant damages evidence in AT&T's possession. Overall, the bulk of the relevant identified evidence is more easily accessed from the Northern District of California. On balance, this factor strongly weighs in favor of transfer.

### 2. The Availability of Compulsory Process

The next factor is the availability of compulsory process. Transfer is favored when a transferee district has absolute subpoena power over a greater number of non-party witnesses. Absolute subpoena power means the power to compel attendance at both depositions and trial. *Hoffman-La Roche,* 587 F.3d at 1337–38. Accordingly, transfer is heavily favored when the majority of the non-party witnesses reside in the transferee forum. *See Volkswagen II*, 545 F.3d

at 316 (describing that Rule 45 of the Federal Rules of Civil Procedure protects non-party witnesses who live or work more than 100 miles from the courthouse).

HTC argues that the majority of the relevant third party witnesses are all located within the absolute subpoena power of the Northern District of California. HTC specifically identifies Google as possessing information relevant to the accused products' operating systems. HTC also identifies non-parties Synaptics, Inc., Cypress Semiconductor, and Atmel Corporation as suppliers of touchscreen integrated circuits for the accused devices. All three of these companies are located within the Northern District of California. Although Google, Synaptics, Cypress, and Atmel's employees are within the absolute subpoena power of the Northern District of California, HTC does not clearly indicate if any testifying employees from these companies are unwilling to attend trial.

Touchscreen asserts that third-party AT&T likely maintains documents in Texas relevant to damages. Touchscreen also states that HTC may call the prosecuting attorneys from Illinois as witnesses. HTC gives no such indication. Because neither party affirmatively states it will call the prosecuting attorneys, the Court ignores them for transfer purposes.

The weight attributed to the parties' third-party witnesses is undercut by their failure to identify particular witnesses that would require compulsory process. *See Effectively Illuminated Pathways, LLC v. Aston Martin Lagonda of N. Am., Inc.*, No. 6:11-cv-34, at 14 (E.D. Tex. Apr. 19, 2012); *Dymatize Enters., Inc. v. Maximum Human Performance, Inc.*, No. 3:09-cv-1840, 2010 WL 972240, at *2–3 (N.D. Tex. Feb. 28, 2010) (holding that although a party need not provide affidavits identifying witnesses and outlining testimony, it must at least identify the witnesses).

HTC additionally identifies three non-party inventors as relevant parties. But these individuals are all located in Taiwan, outside the subpoena power of either jurisdiction. Furthermore, if necessary, either jurisdiction is capable of issuing letters rogatory. *See generally* 28 U.S.C. § 1781(a)(2).

In the event that a Texas AT&T employee is required to testify at trial, the Court has the authority to compel the employee to attend trial. *See* Fed. R. Civ. P. 45(c)(3)(A)(ii) (stating that a "person may be commanded to attend a trial by traveling from any such place within the state where the trial is held"). *But see* Fed. R. Civ. P. 45(c)(3)(B)(iii) (limiting the Court's absolute authority over non-party witnesses who are more than 100 miles from the courthouse).

Importantly, neither party identifies any non-party witnesses located within the Eastern District of Texas.

The Northern District of California has absolute subpoena power over Google, Synaptics, Cypress, and Amtel. The Eastern District of Texas does not have absolute subpoena power over any identified non-party witnesses. Therefore, the Court finds this factor weighs heavily in favor of transfer.

### 3.  The Cost of Attendance for Willing Witnesses

One of the most important factors is the cost of attendance for witnesses. In analyzing the cost of attendance of willing witnesses, courts consider the convenience of both party and non-party witnesses. *See In re Volkswagen AG*, 371 F.3d 201, 204 (5th Cir. 2004) (per curiam) (*Volkswagen I*) (requiring courts to "contemplate consideration of the parties and witnesses"). Nevertheless, the convenience to non-party witnesses is afforded greater weight than that of party witnesses. *NovelPoint*, 2010 WL 5068146, at *6.

The Fifth Circuit applies a "100-mile rule" in the analysis of this factor. *See Volkswagen I*, 371 F.3d at 204–05; *In re TS Tech*, 551 F.3d at 1320. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204–05. The greater distance witnesses have to travel for trial, the greater their expense and the longer they will be away from home and employment. *See id*.

As a threshold matter, the San Francisco courthouse for the San Francisco Division of the Northern District of California and the Tyler courthouse for the Tyler Division of the Eastern District of Texas are greater than 100 miles apart. Thus, the Court must assess the inconvenience to witnesses of having to travel to one venue over the other.

As previously noted, HTC identifies Google, Synaptics, Cypress, and Amtel as having non-party witness located in the San Francisco area that will testify regarding the functionality of the accused devices. For any of these witnesses, travel to the San Francisco courthouse within the Northern District of California is significantly more convenient than the inconvenience imposed by travelling to Tyler. In contrast, Touchscreen's non-party witness AT&T is expected testify regarding damages and would find the Eastern District of Texas considerably more convenient over travel to San Francisco. Yet, both HTC's and Touchscreen's non-party witnesses are afforded little weight because the parties fail to identify any witnesses with specificity. The Court affords these general assertions less weight because of their speculative nature.

HTC additionally identifies non-party inventors Shyh-In Huang, Lin-Abel Chu, and Chung-Ti Shen, who are located in Taiwan. Neither forum would be clearly more convenient

over the other for these inventors because both require significant travel from Taiwan. *See Genentech*, 566 F.3d at 1344 (explaining that witnesses that "will be required to travel a significant distance no matter where they testify" are discounted under the 100-mile rule).

With respect to party witnesses, HTC states that all of its pertinent witnesses are located in Taiwan, Washington, or San Francisco. In Bellevue, Washington, HTC identifies the Director of Retail Marketing Marcia Markovich as having knowledge regarding HTC's marketing of the accused devices. Foreign HTC witnesses include Senior Technical Assistant Manager Tim Chen in Taipei, Taiwan, Technical Manager Odin Chang in Taoyuan, Taiwan, and Assistant Manager Farmer Tseng in Taipei, Taiwan. These individuals have knowledge pertaining to the touchscreen interfaces of the accused devices. Because HTC's Taiwan employees will have to travel a great distance regardless of the forum, the Court attributes less weight to these witnesses.

HTC further states that it has no party witnesses located in Texas with relevant knowledge. For HTC's domestic party witnesses, the Northern District of California is a clearly more convenient forum.

Touchscreen fails to identify any witnesses. Touchscreen only states that the majority of its witnesses are located in Taiwan. The Court can justifiably assume that co-inventor and Manager of Touchscreen Jao-Ching Lin will appear to testify on Touchscreen's behalf. It appears the Mr. Lin is also a resident of Taiwan, and therefore, will have extensive travel regardless of the venue. Accordingly, the Court does not find that either venue would be clearly more convenient for Touchscreen's party witness.

Ultimately, HTC's non-party witnesses and domestic party witnesses reside closer to the Northern District of California. Both parties have identified witnesses in Taiwan who would likely find either forum equally inconvenient. AT&T is the only entity on Touchscreen's behalf

who would find the Eastern District of Texas as a clearly more convenient forum. Overall, a greater number of party and non-party witnesses in this case would find the Northern District of California a clearly more convenient venue. Accordingly, this factor strongly favors transfer.

### 4. All Other Practical Problems

The fourth factor serves as a catchall for concerns that may weigh for or against transfer. For example, transfer is disfavored when the issue is raised late in the case. *See, e.g.*, *Konami Digital Entm't Co. v. Harmonix Music Sys., Inc.*, No. 6:08-cv-286, 2009 WL 781134, at *7 (E.D. Tex. Mar. 23, 2009). And judicial economy may counsel against transferring a case when it would result in overlapping issues being simultaneously adjudicated in different districts. *In re Vistaprint Ltd.*, 628 F.3d 1342, 1345 (Fed. Cir. 2010). Generally, other practical problems focus on issues of judicial economy. Particularly, the "[c]onsideration of the interest of justice, which includes judicial economy, 'may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result.'" *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) (quoting *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220–21 (7th Cir. 1986)).

Importantly, "[m]otions to transfer venue are to be decided based on 'the situation which existed when suit was instituted.'" *In re EMC Corp.*, No. 142, 2013 WL 324154, at *2 (Fed. Cir. Jan. 29, 2013) (quoting *Blaski*, 363 U.S. at 343). "While considerations of judicial economy arising *after* the filing of a suit do not weigh against transfer, a district court may properly consider any judicial economy benefits which would have been apparent at the time the suit was filed." *Id.* "[A] district court's experience with a patent in prior litigation and the copendency of cases involving the same patent are permissible considerations in ruling on a motion to transfer venue." *Id.*

Touchscreen contemporaneously filed four infringement actions asserting the same patents. All of those cases are pending before this Court and are in their early stages of litigation. Neither party asserts that the Court has had prior experience with these patents. In light of recent Federal Circuit law, the Court finds the contemporaneous filing, and therefore copendency, of cases a permissible consideration. Thus, if the Court were to grant transfer in this case, it would still be left with three other cases. It would be highly inefficient to ask a court in the Northern District of California to oversee Touchscreen's case against HTC when this Court must already oversee Touchscreen's remaining three cases. *See Vistaprint*, 628 F.3d at 1344 (acknowledging the benefits to judicial economy arising from a single judge handling multi-defendant litigation involving the same technology).

But at the time of filing, the Court had no familiarity with the patents. Thus, it would not by overly prejudicial to Touchscreen if the Court transferred this case to the Northern District of California.

Accordingly, this factor is neutral.

C. *Public Interest Factors*

   1. <u>**The Administrative Difficulties Flowing From Court Congestion**</u>

The first public interest factor is court congestion. Generally, this factor favors a district that can bring a case to trial faster. *In re Genentech*, 566 F.3d at 1347. Of all the venue factors, this is the "most speculative." *Id.* When "several relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all of those other factors." *Id.*

Here, HTC concedes this factor is neutral while Touchscreen maintains it weighs against transfer. Touchscreen notes that the median time to trial in the Northern District of California is

25.1 months, while in the Eastern District of Texas it is 25.3 months. Touchscreen notes this time to trial is extended considerably if the Court finds transfer appropriate.

Based upon the statistics, the Court is unconvinced that either venue suffers from issues stemming from administrative difficulties associated with court congestion. Therefore, this factor is neutral.

### 2. The Local Interest in Having Localized Interests Decided at Home

The next public interest factor is the local interest in adjudication of the case. Traditionally, the location of the alleged injury is an important consideration. *See Frito-Lay N. Am., Inc. v. Medallion Foods, Inc.*, 867 F. Supp. 2d 859, 872 (E.D. Tex. 2012) (citing *In re TS Tech*, 551 F.3d at 1321). When the accused products or services are sold nationwide, the alleged injury does not create a substantial local interest in any particular district. *Id.* Local interest also arises when a district is home to a party because the suit may call into question the reputation of individuals that work in the community. *Hoffman-La Roche*, 587 F.3d at 1336. The local interest in the litigation is an important consideration because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206 (quoting *Gulf Oil Corp.*, 330 U.S. at 508–09).

HTC alleges that the Northern District of California has a strong local interest in resolving this dispute because Google, Synaptics, Cypress, and Amtel are located there and because HTC maintains a facility and employees in that district. Thus, this suit calls into question the reputation of individuals for HTC, Google, Synaptics, Cypress, and Amtel who work in the San Francisco community. Therefore, as HTC concludes, the Northern District of California maintains a strong local interest in the resolution of this suit.

In contrast, Touchscreen maintains that the accused devices are sold nationwide. Thus, Touchscreen believes that the Eastern District of Texas maintains a sufficient interest in retaining this case. But "it is well settled that the sale of accused products nationwide does not implicate the interests of the Eastern District of Texas any more than the local interests of any other district." *W. Coast Trends, Inc. v. Ogio Int'l, Inc.*, No. 6:10-CV-688, 2011 WL 5117850, at *5 (E.D. Tex. Oct. 27, 2011). The local interest of the Eastern District of Texas does not prevent the transferee forum from having a greater local interest.

Since the Northern District of California is home to several entities involved in this suit and the Eastern District of Texas is home to no one is this case, the Court finds that this factor favors transfer.

### 3. The Familiarity of the Forum With the Governing Law

Courts are also to consider "the familiarity of the forum with the law that will govern the case." *Volkswagen I*, 371 F.3d at 203. The Court notes that both the Northern District of California and the Eastern District of Texas are equally capable of applying the law regarding patent infringement. *See In re TS Tech*, 551 F.3d at 1320. Accordingly, as the parties agree, this factor is neutral.

### 4. The Avoidance of Unnecessary Problems of Conflict of Laws

The parties acknowledge that no conflict of laws questions are expected in this case. Thus, this factor is neutral.

### IV. CONCLUSION

Having fully considered all of the private and public interest factors, HTC has met its burden of showing that the Northern District of California is "*clearly* more convenient" than the Eastern District of Texas. *Volkswagen II*, 545 F.3d at 315 (emphasis added). In balancing all of

the factors, the Court finds that HTC has meet its "significant burden" under § 1404(a). *Id.* at 315 n.10. Accordingly, HTC's motion to transfer (Doc. No. 11) is **GRANTED**. The Court **ORDERS** that this case be transferred to the United States District Court for the Northern District of California, San Francisco Division.

  **It is SO ORDERED.**

  **SIGNED this 27th day of March, 2013.**

                     */s/ Michael H. Schneider*
                     MICHAEL H. SCHNEIDER
                     UNITED STATES DISTRICT JUDGE